1
2
3
4
5
6

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT WHEELER, individually, and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SECURITAS SECURITY SERVICES USA, INC., a Delaware Corporation, d/b/a Securitas,<br><br>　　　　Defendant. | Case No.<br><br>**NOTICE OF REMOVAL BY DEFENDANT SECURITAS SECURITY SERVICES USA, INC.** |

Defendant Securitas Security Services USA, Inc. hereby removes the above-captioned case from the Superior Court of King County, State of Washington, to the United States District Court for the Western District of Washington, Seattle Division. This removal is based on 28 U.S.C. §§ 1332(d), 1441, and 1446. Securitas respectfully states the following in support of this removal:

　　　　1.　　　　On July 28, 2011, Plaintiff Scott Wheeler filed a civil action against Securitas in the Superior Court of King County, State of Washington. On September 12, 2011, Securitas accepted service of the Summons and Complaint. True copies of all papers filed in the state court (the Summons, Complaint, Order Setting Civil Case Schedule, and Case Information Cover Sheet & Area Designation) are attached hereto as Exhibits A-D. By signing this Notice of

**NOTICE OF REMOVAL - 1**

LITTLER MENDELSON P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

1   Removal, counsel for Securitas verifies that the items attached hereto are true and complete

2   copies of all the records and proceedings in the state court proceeding.

3                      **I.      STATEMENT OF JURISDICTION**

4          2.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §

5   1332(d)(2), as enacted by the Class Action Fairness Act ("CAFA"), in that, as described more

6   fully below, this is a class action within the meaning of 28 U.S.C. § 1332(d) in which: (a) one or

7   more members of the class of plaintiffs is a citizen of a state different from Defendant; (b) the

8   number of members of all proposed plaintiff classes in the aggregate is at least 100, (c) neither

9   the state, its officials nor other government agencies are primary defendants, and (d) the matter

10  in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  This case

11  meets all of CAFA's requirements for removal and is timely and properly removed by the filing

12  of this Notice.

13         3.      This Notice of Removal contains the "short and plain statement" of the grounds

14  for this Court's jurisdiction that is required in this pleading by the rules and case law.  FRCP

15  8(a); *Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839 n.1 (9th Cir. 2002).  If Plaintiff does not dispute

16  these jurisdictional allegations, the jurisdictional facts will be deemed admitted.  *Albrecht v.*

17  *Lund*, 845 F.2d 193, 194-95 (9th Cir. 1988).  In the event Plaintiff moves to remand, or if the

18  Court requests evidentiary support for these jurisdictional allegations, Securitas will support

19  these jurisdictional allegations with summary-judgment-type evidence.

20                             **II.      VENUE**

21         4.      Venue is proper in the Western District of Washington at Seattle.  Venue is proper

22  in this District because this is the district court of the United States for the district embracing the

23  place where this action is currently pending.  28 U.S.C. § 1441(a).  Venue is proper at Seattle

24  because Defendant does not reside, and the cause of action did not arise, in any of the counties

25  specified in Local Rule 5(e)(1).  *See* Complaint, ¶ 2.1.

26

**NOTICE OF REMOVAL - 2**

LITTLER MENDELSON P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### III.   TIMELINESS OF REMOVAL

5.      This Notice of Removal is timely as it is made within 30 days of Securitas' acceptance of service on September 12, 2011. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (time to remove does not begin to run until proper service of the summons and complaint).

### IV.   DIVERSITY JURISDICTION PURSUANT TO CAFA

6.      This is a class action within the meaning of 28 U.S.C. § 1332(d), in that this is a civil action filed under a state rule of judicial procedure similar to FRCP 23 that authorizes an action to be brought by one or more representative persons as a class action. Plaintiff filed this action under Rule 23 of the Washington State Superior Court Rules. Complaint, §4.1 ("Plaintiff brings this case as a class action pursuant to Washington Civil Rule 23..."). Rule 23 of the Washington State Superior Court Rules is similar to FRCP 23 and authorizes an action to be brought by one or more representative persons as a class action.There is diversity of citizenship between Defendant Securitas and at least one member of the class of plaintiffs, as required by 28 U.S.C. § 1332(d)(2)(A).

### A.   There Is Diversity Between At Least One Class Member And Defendant.

7.      Securitas is informed and believes that named Plaintiff Scott Wheeler was, at the time of filing of this action, and still is, a citizen of the state of Washington. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Further, all members of the putative class were employed by Securitas in the State of Washington. Complaint, ¶ 4.1. On that basis, Securitas alleges, on information and belief, that at least the majority of putative class members are citizens of the state of Washington.

**NOTICE OF REMOVAL - 3**

FIRMWIDE:104027838.4 056919.1041

LITTLER MENDELSON P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

1          8.      Conversely, Securitas is not a citizen of Washington. Rather, Securitas is a

2   citizen of the states of Delaware and New Jersey. For diversity purposes, a corporation "shall be

3   deemed a citizen of any State by which it has been incorporated and of the State where it has its

4   principal place of business." 28 U.S.C. § 1332(c)(1).

5          9.      Securitas is incorporated in the State of Delaware.

6          10.     Securitas' principal place of business is in Parsippany, New Jersey. The United

7   States Supreme Court has established that the "nerve center" test should be used to determine a

8   corporation's "principal place of business." *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192,

9   175 L. Ed. 2d 1029 (U.S. 2010). A corporation's "nerve center" is normally located where the

10  corporation maintains its corporate headquarters and where the "corporation's officers direct,

11  control, and coordinate the corporation's activities." *Id.* This analysis focuses on the place at

12  which the corporation's executive and administrative functions are conducted. *See Indus.*

13  *Tectronics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1990). Securitas maintains its

14  corporate headquarters in Parsippany, New Jersey. Key executives of Securitas are domiciled at

15  the Company's New Jersey headquarters. The Company's strategies and operational goals and

16  initiatives are developed and adopted in the Company's New Jersey headquarters. New Jersey is

17  also where the Company's centralized administrative functions and operations are based. New

18  Jersey is the actual center of direction, control, and coordination for Securitas' operations.

19  Under the applicable standard, Defendant's principal place of business is indisputably located in

20  the State of New Jersey.

21      **B.      The Proposed Class Contains More Than 100 Members.**

22          11.     The putative class includes at least 100 members, as required by 28 U.S.C. §

23  1332(d)(5)(B).

24          12.     The putative class as alleged in the Complaint is "All current and former non-

25  exempt hourly employees of Securitas Security Services, USA, Inc., in Washington who (1) did

26

**NOTICE OF REMOVAL - 4**

LITTLER MENDELSON P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

1   not receive all uninterrupted, unrestricted meal periods and/or all rest periods due for each period

2   of work performed at any time since July 29, 2004; (2) were forced to work off-the-clock; and

3   (3) have not received all compensation/restitution and associated penalties due as a result thereof

4   ("the Class")." Complaint, ¶ 4.1.

5   13.   The statute of limitations for Plaintiff's claims for minimum wages, overtime and

6   alleged failure to provide meal and rest breaks is three years. *Seattle Prof'l Eng'g Employees*

7   *Ass'n v. Boeing Co.*, 139 Wash. 2d 824, 837, 991 P.2d 1126 (2000). Plaintiff will contend that

8   the statute of limitations on his claim for double damages pursuant to RCW 49.52.050 likewise is

9   three years.

10   14.   During the three-year period prior to the filing of the Complaint (starting July 28,

11   2008), Securitas employed approximately 3,159 different individuals as security officers and

12   hourly site supervisors in the state of Washington. *See also* Complaint, ¶ 2.2 ("Securitas...is an

13   employer of thousands of employees in the State of Washington.").

14   **C.   Defendant Is Not A Governmental Entity.**

15   15.   The sole defendant, Securitas, is not a state, state official, or other governmental

16   entity. As such, the exclusion of 28 U.S.C. § 1332(d)(5)(A) does not apply here.

17   **D.   The Total Amount In Controversy Exceeds $5,000,000.**

18   16.   Without in any way conceding the validity of the claims or of the amounts or

19   methods of calculating damages set out below (all of which Securitas vigorously contests),

20   Securitas alleges that the amount in controversy, based on the allegations of the Complaint,

21   exceeds $5 million in the aggregate, exclusive of interest and costs.

22   17.   The Complaint is silent as to the total amount of monetary relief sought for the

23   putative class. The facts alleged below, in combination with the allegations of the Complaint,

24   establish by a preponderance of the evidence that the amount in controversy exceeds the

25   jurisdictional amount. *See Valdez v. Allstate Insurance Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)

26

**NOTICE OF REMOVAL - 5**

LITTLER MENDELSON P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

1    (when determining the amount in controversy, the Court considers the facts alleged in the

2    removal petition); *Lowdermilk v. United States Bank National Assoc.*, 479 F.3d 994, 998 (9th

3    Cir. 2007) (where the complaint does not state the amount of damages claimed, the removing

4    defendant may establish the amount in controversy for CAFA jurisdiction by a preponderance of

5    the evidence).

6          18.     The amount in controversy is based on the claims asserted, regardless of whether

7    there may be valid defenses to the claims. *Smithers v. Smith*, 204 U.S. 632, 642 (1907); *Schunk*

8    *v. Moline, Milburn & Stoddart Co.*, 147 U.S. 500, 505 (1893); *Lewis v. Verizon*

9    *Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  Defendant denies the validity of

10   Plaintiff's claims and requests for relief thereon.  However, removal is established by review of

11   the facial allegations in Plaintiff's Complaint and his claimed damages, not what a defendant will

12   actually owe.

13         19.     The amount in controversy in this case is comprised of the potential monetary

14   recovery for Plaintiff's claims for: (a) failure to provide meal and rest breaks; (b) failure to pay

15   overtime for alleged off-the-clock work; (c) double damages pursuant to RCW 49.52.070; (d)

16   treble damages pursuant to the Consumer Protection Act, RCW 19.86.090; and (e) attorney's

17   fees.  Complaint, ¶¶ 1.1, 5.1-5.5, 9.3-9.4, 10.6, 11.2-11.5.  Pursuant to CAFA, the claims of all

18   putative class members are aggregated to determine if the amount in controversy exceeds $5

19   million.  28 U.S.C. § 1332(d)(6).  As shown below, the total amount in controversy in connection

20   with Plaintiff's meal and rest break claims alone, or his overtime claims alone, exceeds $5

21   million.

22         20.     **Key Statistics and Facts Used to Calculate Amount in Controversy.**

23                 (a)  The putative class here is comprised of all non-exempt hourly employees

24   employed by Securitas in Washington since July 29, 2004.  Complaint, ¶ 4.1.  Securitas repeats

25   its allegation that the relevant statute of limitations period on the minimum wage, overtime, and

26

**NOTICE OF REMOVAL - 6**

LITTLER MENDELSON P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

1  meal and rest break claims is three years.  Between July 28, 2008 (three years before the

2  Complaint was filed) and the present, Securitas has employed approximately 3,159 security

3  officers or hourly site supervisors, for an aggregate total of more than 200,000 weeks.

4          (b) Plaintiff and the putative class members worked a conservative average of

5  at least 2 shifts of more than 5 hours in duration for each week of employment.  Thus,

6  conservatively, there are at least 400,000 total shifts during the three-year putative class period.

7  Most putative class members worked more shifts (3-5 per week) of longer duration (8-12 hours

8  per shift).

9          (c) Between July 28, 2008 and the present, the putative class members earned

10  an hourly rate of $11.88 per hour on average.

11      21.    **Meal and Rest Break Claims**.  Plaintiff alleges that the class was not provided

12  meal and rest breaks:

13          (a)      Plaintiff alleges that Securitas failed to provide class members with

14  an interrupted, unrestricted meal period of not less than 30 minutes for each shift exceeding five

15  hours as required by WAC § 296-126-092 for non-exempt employees.  Complaint, ¶¶ 5.2, 9.3.

16  Plaintiff thus seeks to recover, with respect to his meal breaks claim, 30 minutes of pay per shift

17  for each class member.

18          (b)      Plaintiff alleges that Securitas failed to provide a 10-minute rest

19  period for each four hours of working time as required by WAC § 296-126-092 for non-exempt

20  employees.  Complaint, ¶¶ 5.2, 9.3.  Plaintiff thus seeks to recover, with respect to his rest breaks

21  claim, at least 10 minutes of pay per shift for each class member.

22          (c)      Thus, with respect to Plaintiff's meal and rest break claims alone,

23  and without regard to Plaintiff's claim to recover overtime premiums in connection with meal

24  and rest breaks, Plaintiff seeks to recover at least 40 minutes of pay per shift for each class

25  member.

26

**NOTICE OF REMOVAL - 7**

LITTLER MENDELSON P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

1            (d)        Plaintiff also alleges that he and the putative class members are

2    entitled to double damages pursuant to RCW 49.52.070.  Complaint, ¶ 10.6.

3            (e)        Multiplying 40 minutes of alleged uncompensated time for meal

4    and rest breaks per shift by 400,000 shifts of employment (40 minutes x 400,000 shifts ÷ 60

5    minutes per hour) yields an amount in controversy of more than 266,666 hours of compensation.

6    Multiplying 266,666 hours by a pay rate of $11.88 per hour, and then doubling that amount,

7    yields an amount in controversy of more than $6.3 million.

8            (f)        Therefore, an analysis of the amount in controversy for Plaintiff's

9    meal and rest break claims alone places Defendant in the position of defending itself against

10   claims for more than $5 million.

11       22.    **Overtime Claims Excluding Meal and Rest Breaks**.  Plaintiff also alleges that

12   the class is owed overtime compensation for off-the-clock work:

13           (a)  Plaintiff alleges, apart from his meal and rest break claims, that the

14   putative class members engaged in off-the-clock pre-shift and post-shift work in excess of 40

15   hours per week for which they are entitled to recover pay at one-and-one-half times their hourly

16   rate of compensation.  Complaint, ¶¶ 5.3, 5.5, 7.2-7.3.

17           (b)  Plaintiff specifically alleges that "he worked a minimum of 13-20

18   uncompensated hours per month."  Complaint, ¶ 2.1.  Plaintiff also alleges that his claims are

19   typical of the claims of putative class members.  Complaint, ¶ 4.3.

20           (c)  Plaintiff also alleges that he and the putative class members are entitled to

21   double damages pursuant to RCW 49.52.070.  Complaint, ¶ 10.6.

22           (d)  Assuming each putative class member claims just one hour of

23   uncompensated overtime per week on average (which is less than one-half of what Plaintiff is

24   claiming), the amount in controversy is more than $7.1 million (200,000 aggregate weeks x 1

25   overtime hour x $11.88 per hour x 1.5 overtime premium x 2 for double damages).

26

**NOTICE OF REMOVAL - 8**

LITTLER MENDELSON P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

1               (e) Therefore, an analysis of the amount in controversy for Plaintiff's

2  overtime claims alone places Defendant in the position of defending itself against claims for

3  more than $5 million.

4       23.    **Six-Year Statute of Limitations for Overtime Claims**.  Plaintiff also apparently

5  alleges a six-year statute of limitations for unpaid overtime under a breach of contract theory.

6  Complaint, ¶¶ 4.1, 6.3-6.6.  As the amount in controversy on Plaintiff's overtime claim exceeds

7  $5 million under a three-year statute of limitations, it would also exceed $5 million under a six-

8  year statute of limitations.

9       24.    **Treble Damages under the Consumer Protection Act**.  Plaintiff also alleges

10  that Defendant violated Washington's Consumer Protection Act by failing to pay wages for

11  overtime work and interrupted rest and meal breaks.  Complaint, ¶¶ 11.2-11.5.  The Consumer

12  Protection Act has a statute of limitations of four years.  RCW § 19.86.120.  As the amount in

13  controversy on Plaintiff's claims for overtime and missed meal and rest breaks independently

14  exceed $5 million, the amount in controversy on Plaintiff's claim for treble damages also

15  exceeds $5 million.

16       25.    **Attorneys' Fees**.  Plaintiff seeks attorneys' fees pursuant to RCW §§ 49.46.090,

17  49.48.030, 49.52.070, and 19.86.090.  Complaint, ¶¶ 7.4, 8.4, 9.4, 10.6, 11.5.  A claim for

18  attorneys' fees potentially recoverable by statute also is included in determining the amount in

19  controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Goldberg v.*

20  *C.P.C. Int'l. Inc.*, 578 F.2d 1365, 1367 (9th Cir. 1982); *Gibson v. Chrysler*, 261 F.3d 927 (9th

21  Cir. 2001).  The Court may estimate the amount of reasonable attorneys' fees likely to be

22  recovered by a plaintiff if he were to prevail on his claims.  *Simmons v. PCR Technology*, 209 F.

23  Supp. 2d 1029 (N.D. Cal. 2002); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004,

24  1010-11 (N.D. Cal. 2002).

25

26

**NOTICE OF REMOVAL - 9**

LITTLER MENDELSON P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

1    26.    In sum, the amount placed in controversy by Plaintiff's claim for missed meal and

2    rest breaks is more than $6.3 million.  The amount placed in controversy by Plaintiff's claim for

3    overtime is more than $7.1 million.  Conservatively, the amount placed in controversy by

4    Plaintiff's claims is more than $13.4 million.  Adding the six-year statute of limitations, the

5    claim for treble damages, and the claim for attorneys' fees yields an amount in controversy that

6    far exceeds $5 million.  Defendant makes no admission regarding the merits of this case and

7    vigorously disputes the entitlement of Plaintiff and the putative class members to any amount of

8    damages.  Nonetheless, Defendant has satisfied its burden of demonstrating to a legal certainty

9    that more than $5 million is in controversy in this case.

10    **E.    The Court May Not Decline Jurisdiction Over This Case.**

11    27.    The provisions of CAFA that permit the District Court to decline to exercise

12    CAFA diversity jurisdiction in certain circumstances, 28 U.S.C. § 1332(d)(3) and (4), do not

13    apply to this case because the sole defendant, Securitas, is not a citizen of this state.

14    **V.    REMOVAL**

15    28.    This action is one that may be removed to this Court by Securitas pursuant to the

16    provisions of 28 U.S.C. §§ 1441, 1446, and 1453.

17    29.    Written notice of the filing of this Notice of Removal will be given promptly to

18    all parties who have appeared in this action, and a copy of this Notice of Removal will promptly

19    be filed with the Clerk of Court of the Superior Court of King County, State of Washington.

20    WHEREFORE, Defendant Securitas respectfully requests that this action, now pending

21    in the King County Superior Court, State of Washington, be removed therefrom to this United

22    States District Court for the Western District of Washington, at Seattle.

23

24

25

26

**NOTICE OF REMOVAL - 10**

LITTLER MENDELSON P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

1

Dated:  October 3, 2011

2

3

s/James G. Zissler
James Zissler, WSBA #30287
jzissler@littler.com

4

5

s/Breanne M. Sheetz
Breanne M. Sheetz, WSBA #39632
bsheetz@littler.com

6

7

LITTLER MENDELSON
A Professional Corporation
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
Phone:      206.623.3300
Fax:         206.447.6965

8

9

10

11

Attorneys for Defendant
SECURITAS SECURITY SERVICES USA,
INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**NOTICE OF REMOVAL** - 11

FIRMWIDE:104027838.4 056919.1041

LITTLER MENDELSON P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

1

## CERTIFICATE OF SERVICE

2      I am a resident of the State of Washington, over the age of eighteen years, and not a party

3   to the within action. My business address is One Union Square, 600 University Street, Suite

4   3200, Seattle, Washington 98101.3122. On October 3, 2011, I served the within documents:

5          **NOTICE OF REMOVAL BY DEFENDANT SECURITAS**
           **SECURITY SERVICES USA, INC.**
6

7   ☒    by causing a copy of the document(s) listed above to be personally served to the person(s)
        at the address(es) set forth below.

8

9   **Christopher M. Davis, WSBA #23234**      **Jody A. Gross, WSBA #18526**
    **chris@davislawgroupseattle.com**          **jodygross1@gmail.com**
10  **Gregory S. Colburn, WSBA #41236**        **LAW OFFICE OF JODY GROSS**
    **greg@davislawgroupseattle.com**          **1903 32nd Avenue South**
11  **DAVIS LAW GROUP, P.S.**                  **Seattle, WA 98144**
    **2101 Fourth Ave., Suite 630**            **Phone:    (206) 450-4324**
12  **Seattle, WA 98121**                      **Fax:      (206) 903-8520**
    **Phone:    (206) 727-4000**
13  **Fax:      (206) 727-4001**

14      I declare under the penalty of perjury under the laws of the State of Washington that the

15  above is true and correct. Executed on October 3, 2011, at Seattle, Washington.

16                              _s/Sally Swearinger_
17                              **Sally Swearinger**
                                **sswearinger@littler.com**
18                              **LITTLER MENDELSON, P.C.**

19

20

21

22

23

24

25

26

**NOTICE OF REMOVAL - 12**

FIRMWIDE:104027838.4 056919.1041

LITTLER MENDELSON P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

# EXHIBIT A

FILED

11 JUL 28 PM 2:56

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-25865-3 SEA

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| SCOTT WHEELER, individually, and on behalf of all others similarly situated,<br><br>                 Plaintiff,<br><br>vs.<br><br>SECURITAS SECURITY SERVICES, USA, INC., a Delaware Corporation, d/b/a Securitas,<br><br>                 Defendant. | NO.<br><br>SUMMONS<br><br>[20 days] |

To:     Securitas Security Services, USA, Inc.
        c/o National Registered Agents, Inc.
        1780 Barnes Blvd. SW Bldg.
        Tumwater, WA  98512

       A lawsuit has been started against you in the above entitled court by the plaintiff.

Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with

this summons.

       In order to defend against this lawsuit, you must respond to the complaint by stating

your defense in writing, and by serving a copy upon the person signing this summons within 20

SUMMONS [20 DAYS]
PAGE - 1



DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 630
SEATTLE, WASHINGTON 98121
(206) 727-4000

1     days after the service of this summons, excluding the day of service, or a default judgment may

2     be entered against you without notice.  A default judgment is one where plaintiff is entitled to

3     what he asks for because you have not responded.  If you serve a notice of appearance on the

4     undersigned person, you are entitled to notice before a default judgment may be entered.

5

6           You may demand that the plaintiff file this lawsuit with the court.  If you do so, the

7     demand must be in writing and must be served upon the person signing this summons.  Within

8     14 days after you served the demand, the plaintiff must file this lawsuit with the court, or the

9     service on you of this summons and complaint will be void.

10

11          If you wish to seek the advice of an attorney in this matter, you should do so promptly

12    so that your written response, if any, may be served on time.

13          This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the

14    State of Washington.

15

16

17          Dated this 28th day of July, 2011.

18             **DAVIS LAW GROUP, P.S.**

19

20

21       /s/_____

22       By: Christopher M. Davis, WSBA No. 23234
           By: Gregory S. Colburn, WSBA No. 41236

23       Of Attorneys for Plaintiff
           Davis Law Group, P.S.

24       2101 Fourth Ave., Ste. 630
           Seattle, WA 981221

25       Phone (206) 727-4000
           Fax (206) 727-4001

26       Email: chris@davislawgroupseattle.com
           Email: greg@davislawgroupseattle.com

SUMMONS [20 DAYS]
PAGE - 2

1
2

**LAW OFFICE OF JODY GROSS**

3
4

/s/ _____

5

By: Jody A. Gross, WSBA No. 18526

Of Attorneys for Plaintiff

6

Law Office of Jody A. Gross

1903 32nd Avenue South

7

Seattle, WA  98144

Phone (206) 450-4324

8

Fax (206-903-8520

9

Email:  jodygross1@gmail.com

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

SUMMONS [20 DAYS]
PAGE - 3

# EXHIBIT B

FILED

11 JUL 28 PM 2:56

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-25865-3 SEA

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

SCOTT WHEELER, individually, and on behalf of
all others similarly situated,

    Plaintiff,

vs.

SECURITAS SECURITY SERVICES, USA, INC.,
a Delaware Corporation, d/b/a Securitas,

    Defendant.

NO.

CLASS ACTION COMPLAINT FOR
DAMAGES, RESTITUTION, AND
INJUNCTIVE RELIEF

   Plaintiff, by his undersigned attorneys, for his Class Action Complaint against

Defendant Securitas Security Services, USA, Inc., d/b/a Securitas, alleges as follows:

## I.  **NATURE OF ACTION**

  1.1  Plaintiff Scott Wheeler brings this action against Securitas Security Services,

USA, Inc., (hereinafter "Securitas") for engaging in a systematic scheme of wage abuse

against its non-exempt hourly employees in the State of Washington.  This scheme involves,

inter alia, failing to record and pay for hourly employees' off-the-clock work and overtime,

COMPLAINT FOR DAMAGES
PAGE - 1

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 630
SEATTLE, WASHINGTON 98121
(206) 727-4000

 EXHIBIT B

1    and preventing such employees from taking and/or completing their rest and meal breaks.  As

2    a result of systematically failing to properly pay its non-exempt Washington employees,

3    Securitas violated Washington common and statutory laws as described in particular below.

4

5

6                          **II.    JURISDICTION AND VENUE**

7            2.1     Venue is proper in King County.   Plaintiff Scott Wheeler resides in King

8    County and worked for Defendant Securitas in King County where a majority of the

9    violations occurred.  In addition, Defendant transacts business in King County and many of

10   Defendant's specific acts and/or omissions, as well as the course of conduct charged herein,

11

12   occurred in King County.

13           2.2     Defendant is within the jurisdiction of this Court.  Securitas conducts millions

14   of dollars of business in the State of Washington and has local headquarters in Bellevue,

15   Spokane and Vancouver.  Defendant has obtained the benefits of the laws of the State of

16   Washington and the Washington service and labor markets.

17

18           2.3     The total amount in controversy of the named Plaintiff's claims is less than

19   Seventy-Five Thousand Dollars ($75,000).  In addition, as master of the complaint, Plaintiff

20   asserts no claims arising under federal law.  Rather, Plaintiff alleges claims for relief based

21   solely on, and arising from, Washington law.  The claims of Plaintiff and the Class members

22   are individual claims for violations of Washington law described herein.  These claims do not

23

24   unite or enforce a single title or right to which Plaintiff and the Class have a common and

25   undivided interest.

26           //

COMPLAINT FOR DAMAGES
PAGE - 2

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 630
SEATTLE, WASHINGTON 98121
(206) 727-4000

### III.   PARTIES

2.1     Plaintiff Wheeler began as a security guard for Securitas.  Since March, 2008, Mr. Wheeler worked as a Site Supervisor at the Starbucks' warehouse in Auburn, Washington, located in King County.  On multiple occasions during his employment as a security guard and Site Supervisor, Plaintiff Wheeler worked time off-the-clock for which he was never paid, overtime for which he was not paid, and was denied uninterrupted meal and rest breaks.  Plaintiff Wheeler estimates that on average he worked a minimum of 13-20 uncompensated hours per month.

2.2     Securitas Security Services, USA, Inc., is a Delaware corporation with over 450 local branch managers and more than 90,000 security officers throughout the United States.  Securitas conducts millions of dollars of business within the State of Washington. Indeed, Securitas provides security services to hundreds of businesses and is an employer of thousands of employees in the State of Washington.

### IV.   CLASS ACTION ALLEGATIONS

4.1     Plaintiff brings this case as a class action pursuant to Washington Civil Rule 23 on behalf of a Class consisting of:

> All current and former non-exempt hourly employees of Securitas Security Services, USA, Inc., in Washington who (1) did not receive all uninterrupted, unrestricted meal periods and/or all rest periods due for each period of work performed at any time since July 29, 2004; (2) were forced to work off-the-clock; and (3) have not received all compensation/restitution and associated penalties due as a result thereof ("the Class").

COMPLAINT FOR DAMAGES
PAGE - 3

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 630
SEATTLE, WASHINGTON 98121
(206) 727-4000

Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees and successors.

4.2     Plaintiff believes the Class includes thousands of current and former non-exempt Securitas employees in Washington.   Given Defendant's massive size and the systematic nature of Defendant's failure to comply with Washington law, members of the Class are so numerous that joinder of all members is impracticable.

4.3     Plaintiff's claims are typical of the claims of members of the Class because he was an hourly non-exempt employee who, like the members of the Class, sustained damages arising from being forced to work off-the-clock, Securitas' failure to pay proper wages, including overtime, and its failure to provide legal meal and rest breaks.

4.4     Plaintiff will fairly and adequately protect the interests of the Class members.

4.5     Plaintiff has retained counsel competent and experienced in complex litigation, including complex employment law litigation.

4.6     Common questions of law and fact exist as to Plaintiff's and all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to Plaintiff and the Class are:

a.      Whether Securitas engaged in a pattern and/or practice in Washington of forcing or permitting Plaintiff and the Class to work off-the-clock without compensation;

b.      Whether Securitas engaged in a pattern and/or practice in Washington of encouraging Plaintiff and members of the Class to not report all time worked;

COMPLAINT FOR DAMAGES
PAGE - 4

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 630
SEATTLE, WASHINGTON 98121
(206) 727-4000

1

 c. Whether Securitas failed to properly compensate Plaintiff and the

2 Class in connection with meal and/or rest breaks;

3

 d. Whether Securitas failed to keep true and accurate time records for all

4

 hours worked by its employees and/or altered time records;

5

6

 e. Whether Securitas failed to properly pay Plaintiff and the Class for the

7 work Securitas permitted them to perform;

8

 f. Whether Securitas violated RCW 49.46.130;

9

10

 g. Whether Securitas violated RCW 49.46.090;

11

 h. Whether Securitas violated RCW 49.52.050;

12

 i. Whether Securitas violated WAC 296-126-023;

13

 j. Whether Securitas violated WAC 296-126-0924;

14

 k. Whether Securitas violated RCW 19.86 et. seq; and

15

16

 l. The nature and extent of the class-wide injury and the measure of

17 compensation for such injury.

18

 4.7 Class action treatment is superior to all alternatives for the fair and efficient

19 adjudication of the controversy alleged herein. Such treatment will permit a large number of

20 similarly situated persons to prosecute their modest, purely economic, common claims in a

21 single forum simultaneously, efficiently, and without the duplication of effort and expense

22 that numerous individual actions entails. No difficulties are likely to be encountered in the

23

24 management of this class action that preclude its maintenance as a class action, and no

25 superior alternative exists for the fair and efficient adjudication of this controversy. The

26 Class is readily and easily identifiable from Defendant's records.

COMPLAINT FOR DAMAGES
PAGE - 5

4.8     Defendant acted on grounds generally applicable to the entire Class, thereby making final injunctive or declaratory relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual members of the Class will create a risk of inconsistent or varying adjudications with respect to individual Class members and may establish incompatible standards of conduct for Defendant.

4.9     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, the amounts at stake for many of the Class members, while substantial to them, are not large enough to justify individual suits against Defendant.

4.10    Without a class action, Defendant will likely continue its course of illegal action and cause further damage to Plaintiff and the Class.


V.      **SUMMARY OF ALLEGATIONS**

5.1     Beginning at a date unknown to Plaintiff, but at least as early as July 25, 2004, Defendant committed, and continues to commit, acts and/or omissions of wage abuse against its hourly non-exempt employees including, but not limited to:  forcing or permitting Plaintiff and the Class to work off-the-clock; failing to pay Plaintiff and the Class proper wages, including overtime worked; failing to pay Plaintiff and the Class proper wages for interrupted rest and meal breaks, including overtime worked; and, failing to provide Plaintiff and the Class adequate and proper rest and/or meal breaks.

5.2     Defendant's orchestrated and systematic program of denying proper wages and forcing its hourly non-exempt employees to work off-the-clock is a systemic theme that

COMPLAINT FOR DAMAGES
PAGE - 6

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 630
SEATTLE, WASHINGTON 98121
(206) 727-4000

has played out in other venues and jurisdictions. For years, Securitas has knowingly failed to provide net ten minute rest periods for work shifts exceeding four hours or a major fraction thereof (and at least three and one-half hours) and/or interrupted, unrestricted meal period of not less than thirty minutes for work shifts exceeding five hours to those non-exempt employees within the Class definition identified above, thereby enjoying a significant competitive edge over other corporations within its industry.

5.3     Even upon termination or resignation of the employment of numerous Class Members, Securitas declined to compensate these employees in blatant violation of Washington common and statutory law. Securitas precludes its employees from clocking in their actual work hours. Employees must work after clocking out at the end of their shifts, before clocking in at the beginning of their shifts, and through lunch and rest breaks.

5.4     Securitas causes its employees to work through meal and rest breaks and to interrupt their meal and rest breaks to perform work.

5.5     Securitas knew or should have known its employees were working off-the-clock by virtue of the fact that (a) its managers have been present at job sites when off-the-clock work was occurring; (b) it refuses to allow employees to clock in the additional time which is necessary to accomplish their work; (c) its employee handbook prohibits employees from leaving their stations for their entire eight hour shifts; and, (d) Securitas has had other claims made against it which were similar to those alleged, including the claims for denial of meal and rest periods in *Mambuki v. Securitas Security Services, USA, Inc.,* Santa Clara County Case No. 105CV047499, which Securitas settled in 2009, and *Howard, et al. v.*

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 630
SEATTLE, WASHINGTON 98121
(206) 727-4000

1    *Securitas Security Services, USA, Inc.*, United States District Court for the Northern District

2    of Illinois, Eastern Division, Case No. 08 CV 2746, which is currently pending.

3

4                          **VI.    FIRST CLAIM FOR RELIEF**

5                          **(Breach of Contract:  Working Off-the-Clock)**

6

7         6.1    Plaintiff and the Class reallege and incorporate by reference each and every

8    allegation set forth in the preceding paragraphs.

9         6.2    At the time Plaintiff and members of the Class accepted employment with

10

11   Securitas, they were hired to work at a fixed hourly wage rate.  Plaintiff and Class members

12   were expressly told the rate they would earn for each hour worked.

13        6.3    Defendant breached its contract with Plaintiff and the Class by not paying for

14   all hours worked and by failing to pay wages according to Washington law.

15        6.4    The employment contract between Plaintiff, the Class and Securitas arises

16

17   from Defendant's express policies and the parties' express agreements.

18        6.5    For most, if not all, of the hours Plaintiff and the Class worked "off-the-clock"

19   during their tenure with Defendant, they received no compensation from Defendant.

20   Defendant's failure to pay Plaintiff and the Class for time worked off-the-clock violates the

21   parties' employment agreements.  Hours that Plaintiff and the Class members worked "off-

22   the-clock" were at the direction and behest of Defendant.

23

24        6.6    Defendant is liable to Plaintiff and the Class for all damages incurred as a

25   result of Defendant's failure to pay Plaintiff and the Class for their off-the-clock work.

26

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 630
SEATTLE, WASHINGTON 98121
(206) 727-4000

1

**VII.    SECOND CLAIM FOR RELIEF**

2

**(Minimum Wage Act:  RCW 49.46.130)**

3

7.1    Plaintiff and the Class reallege and incorporate by reference each and every

4

allegation set forth in the preceding paragraphs.

5

6

7.2    RCW 49.46.130 provides in relevant part that "no employer shall employ any

7

of his employees for a work week longer than 40 hours unless such employee receives

8

compensation for his employment in excess of the hours above specified at a rate not less

9

than one and one-half times the regular rate at which he is employed."

10

7.3    By the actions alleged above, Defendant violated the provisions of RCW

11

12

49.46.130.

13

7.4    As a result of the unlawful acts of Defendant, Plaintiff and the Class are

14

deprived overtime compensation in amounts to be determined at trial, and pursuant to RCW

15

49.46.090, are entitled to recovery of such amounts, including interest thereon, attorneys'

16

fees and costs.

17

18

19

**VIII.    FOURTH CLAIM FOR RELIEF**

20

**(Payment of Wages Less than Entitled:  RCW 49.46.090)**

21

8.1    Plaintiff and the Class reallege and incorporate by reference each and every

22

allegation set forth in the preceding paragraphs.

23

24

8.2    Under RCW 49.46.090, employers must pay their employees all wages they

25

are entitled to under the Washington Minimum Wage Act.  If the employer fails to pay

26

COMPLAINT FOR DAMAGES
PAGE - 9

proper wages, RCW 49.46.090 requires the employer to pay its employees the full amount of the statutory minimum wage rate less any amount actually paid to the employee.

8.3    By the actions alleged above, Defendant violated the provisions of RCW 49.46.090 by failing to pay wages to its employees when they worked off-the-clock and/or missed all or part of their rest and meal breaks and/or had their time records altered to reduce the amount of recorded time worked.

8.4    As a result of the unlawful acts of Defendant, Plaintiff and the Class are deprived of regular and overtime compensation in an amount to be determined at trial. Pursuant to RCW 49.46.090 and 49.48.030, Plaintiff and the Class are entitled to recovery of attorneys' fees and costs of suit.

## IX.    FIFTH CLAIM FOR RELIEF

### (Failure to Provide Meal and Rest Breaks:  RCW 49.12.010)

9.1    Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2    RCW 49.12.010 provides:  "The welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on health.  The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

9.3    WAC 296-126-092 provides that employees shall be allowed a meal period of at least 30 minutes on the employer's time for each five hours worked.  WAC 296-126-092

COMPLAINT FOR DAMAGES
PAGE - 10

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 630
SEATTLE, WASHINGTON 98121
(206) 727-4000

further provides that employees shall be allowed a rest period of not less than ten minutes on the employer's time for each four hours worked. By the actions alleged above, Defendant violated the provisions of WAC 296-126-092. This, in turn, constitutes a violation of RCW 49.12.010.

9.4     As a result of the unlawful acts of Defendant, Plaintiff and the Class are deprived of compensation for missed and shortened meal and rest breaks in amounts to be determined at trial. Pursuant to RCW 49.48.030, Plaintiff and the Class are entitled to recovery of attorneys' fees and costs of suit.

## X.     SEVENTH CLAIM FOR RELIEF

### (Willful Refusal to Pay Wages: RCW 49.52.050)

10.1     Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2     RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

10.3     RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and a reasonable attorney fee.

10.4     By the actions alleged above, Defendant violated the provisions of RCW 49.52.050.

COMPLAINT FOR DAMAGES
PAGE - 11

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 630
SEATTLE, WASHINGTON 98121
(206) 727-4000

10.5    WAC 296-126-092 mandates that employees shall be provided a meal period of at least 30 minutes on the employer's time for each five hours worked.  WAC 296-126-092 further mandates that employees shall be allowed a rest period of not less than ten minutes on the employer's time for each four hours worked.  By the actions alleged above, Defendant violated the provisions of WAC 296-126-092 and RCW 49.52.050.

10.6    As a result of the unlawful acts of Defendant, Plaintiff and the Class are deprived of overtime and straight time compensation in amounts to be determined at trial, and pursuant to RCW 49.52.070, are entitled to recovery of twice such amounts, including interest thereon, attorneys' fees and costs of suit.

## XI.    EIGHTH CLAIM FOR RELIEF

### (Violation of Washington's Consumer Protection Act:  RCW 19.86)

11.1    Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2    Defendant engaged in unfair and deceptive acts or practices when it: (i) failed to pay Plaintiff and the Class wages for off-the-clock work; (ii) prevented Plaintiff and Class members from taking rest and meal breaks; (iii) failed to pay Plaintiff and Class members for interrupted rest and meal breaks; (iv) failed to pay Plaintiff and Class members for overtime worked; and, (v) violated RCW 49.46.030.

11.3    Defendant's unfair or deceptive acts or practices repeatedly occurred in Defendant's trade or business, and were capable of deceiving a substantial portion of the public.

COMPLAINT FOR DAMAGES
PAGE - 12

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 630
SEATTLE, WASHINGTON 98121
(206) 727-4000

1     11.4    As a direct and proximate cause of Defendant's unfair or deceptive acts or

2   practices, Plaintiff and the Class suffered actual damages, in that Plaintiff and Class members

3   were wrongfully denied the payment of wages, were forced to work off-the-clock, and were

4   prevented from taking uninterrupted rest and meal breaks.

5

6     11.5    As a result of Defendant's unfair and deceptive practices, Plaintiff and the

7   Class are entitled, pursuant to RCW 19.86.090, to recover treble damages, reasonable

8   attorneys' fees and costs of suit.

9

10

11                          XII.    **PRAYER FOR RELIEF**

12         WHEREFORE, Plaintiff, on his own behalf, and on behalf of the members of the

13   Class, prays for judgment against Defendant as follows:

14         A.  Certification of the proposed plaintiff Class;

15         B.  A declaration that Defendant is financially responsible for notifying all Class

16             members of its wage and hour violations;

17

18         C.  Appoint Plaintiff Scott Wheeler as Class representative;

19         D.  Appoint the undersigned counsel as Class counsel;

20         E.  Declare that the actions complained of herein violate RCW 49.52.050; RCW

21             49.52.070; RCW 49.12.010; RCW 49.46.130; and RCW 49.46.090;

22         F.  Award Plaintiff and the Class compensatory and exemplary damages;

23

24         G.  Enjoin Defendant and its officers, agents, successors, employees, representatives,

25             and any and all persons acting in concert with them, as provided by law, from

26             engaging in each of the unlawful practices, patterns, and policies set forth herein;

DAVIS LAW GROUP, P.S.
2101 FOURTH AVENUE, SUITE 630
SEATTLE, WASHINGTON 98121
(206) 727-4000

1   H.  Award Plaintiff and the Class attorneys' fees and costs, as allowed by law;

2   I.   Award Plaintiff and the Class pre-judgment and post-judgment interest, as

3        provided by law; and

4   J.   Grant such other and further equitable relief as this Court deems necessary, just,

5        and proper.

6

7

8   Dated this 28th day of July, 2011.

9

10                                  DAVIS LAW GROUP, P.S.

11

12                                  /s/
                                    _____
13                                  By: Christopher M. Davis, WSBA No. 23234
                                    By: Gregory S. Colburn, WSBA No. 41236
14                                  Of Attorneys for Plaintiff
                                    Davis Law Group, P.S.
15                                  2101 Fourth Ave., Ste. 630
                                    Seattle, WA 981221
16                                  Phone (206) 727-4000
                                    Fax (206) 727-4001
17                                  Email: chris@davislawgroupseattle.com
                                    Email: greg@davislawgroupseattle.com
18

19                                  LAW OFFICE OF JODY GROSS

20

21                                  /s/
                                    _____
22                                  By: Jody A. Gross, WSBA No. 18526
                                    Of Attorneys for Plaintiff
23                                  Law Office of Jody A. Gross
                                    1903 32nd Avenue South
24                                  Seattle, WA  98144
                                    Phone (206) 450-4324
25                                  Fax (206-903-8520
                                    Email: jodygross1@gmail.com
26

COMPLAINT FOR DAMAGES                                    DAVIS LAW GROUP, P.S.
PAGE - 14                                         2101 FOURTH AVENUE, SUITE 630
                                                  SEATTLE, WASHINGTON 98121
                                                        (206) 727-4000

# EXHIBIT C

**FILED**

11 JUL 28 PM 2:56

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-25865-3 SEA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Scott Wheeler | NO.  11-2-25865-3    SEA |
| | Order Setting Civil Case Schedule (*ORSCS) |
| **Plaintiff(s)** | |
| vs | |
| Securitas Security Services, USA, Inc. | ASSIGNED JUDGE  Heavey _____ 20 |
| | FILE DATE:                              07/28/2011 |
| **Defendant(s)** | TRIAL DATE:                         01/14/2013 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (**Schedule**) on the Defendant(s) along with the **Summons and Complaint/Petition**. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

| | |
|---|---|
| _____ | _____ |
| Print Name | Sign Name |



EXHIBIT C

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**

All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] – especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**

A filing fee of $230 must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**

A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**

When a final decree, judgment, or order of dismissal of underline(all parties and claims) is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of underline(all parties and claims) is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**

*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**

A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**

All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Thu  07/28/2011 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$220 arbitration fee must be paid** | Thu  01/05/2012 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [*See KCLCR 4.2(a) and Notices on Page 2*] | Thu  01/05/2012 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [*See KCLCR 82(e)*] | Thu  01/19/2012 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [*See KCLCR 26(b)*]. | Mon  08/13/2012 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [*See KCLCR 26(b)*]. | Mon  09/24/2012 | |
| DEADLINE for Jury Demand [*See KCLCR 38(b)(2)*]. | Mon  10/08/2012 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | Mon  10/08/2012 | * |
| DEADLINE for Discovery Cutoff [*See KCLCR 37(g)*]. | Mon  11/26/2012 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | Mon  12/17/2012 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [*See KCLCR 4(j)*]. | Mon  12/24/2012 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(2)*] | Mon  12/24/2012 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | Mon  12/31/2012 | |
| Joint Statement of Evidence [*See KCLCR (4)(k)*]. | Mon  01/07/2013 | * |
| DEADLINE for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Mon  01/07/2013 | * |
| Trial Date [*See KCLCR 40*]. | Mon  01/14/2013 | |

### III. ORDER

Pursuant to King County Local Civil Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:   07/28/2011

*Richard F. McDermott*

**PRESIDING JUDGE**

Order Setting Civil Case Schedule (*ORSCS)                                  REV. 12/08   3

**IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE**

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:**  These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered.  All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements.  Rather than noting a time of day, the Note for Motion should state "Without Oral Argument."  Local Civil Rule 7 governs these motions, which include discovery motions.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not Involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time.  However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.


**B. Original Documents/Working Copies/ Filing of Documents**


**All original documents must be filed with the Clerk's Office.**  Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on the Clerk's Office website.


The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.  On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.


**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application.  The filer must still serve any others who are entitled to service but who have not opted in.  E-Service generates a record of service document that can be e-filed.  Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  Do not file the original of the proposed order with the Clerk of the Court.  Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge.  If that judge is absent, contact the assigned court for further instructions.  If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.  Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department.  If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

**C.    Form**

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing.  Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

*Richard F. McDermott*
_____
**PRESIDING JUDGE**

# EXHIBIT D

FILED

11 JUL 28 PM 2:56

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-25865-3 SEA

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| Scott Wheeler<br><br>VS<br><br>Securitas Security Services, USA, Inc. | NO.  11-2-25865-3 SEA<br><br>CASE INFORMATION COVER SHEET<br>AND AREA DESIGNATION |

CAUSE OF ACTION

**(MSC) -**    OTHER COMPLAINTS/PETITIONS

AREA DESIGNATION

**SEATTLE -**    Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.



EXHIBIT D